IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JERRY CLAYTON GIFT, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANADARKO PETROLEUM § <br> CORPORATION CHANGE OF § <br> CONTROL SEVERANCE PLAN, § <br> OCCIDENTAL PETROLEUM § <br> CORPORATION, AND ANADARKO § <br> PETROLEUM CORPORATION § <br> HEALTH AND WELFARE BENEFITS § <br> ADMINISTRATIVE COMMITTEE, § <br> § <br> Defendants. § | Civil Action No. 7:22-cv-00122 |

## NOTICE OF REMOVAL

Defendants Anadarko Petroleum Corporation Change of Control Severance Plan (the "Plan"), Occidental Petroleum Corporation, and Anadarko Petroleum Corporation Health and Welfare Benefits Administrative Committee ("Defendants"), pursuant to 28 U.S.C. §1441, file this Notice of Removal of the above-captioned cause to the United States District Court for the Western District of Texas, Midland/Odessa Division, in support respectfully shows the Court the following:

I.

An index of exhibits is attached as Exhibit A. On April 28, 2022, Defendants were served with Plaintiff's Original Petition, styled *Jerry Clayton Gift v. Anadarko Petroleum Corporation Change of Control Severance Plan, Occidental Petroleum Corporation, and Anadarko Petroleum Corporation Health and Welfare Benefits Administrative Committee,* Cause

No. 22,575, which Plaintiff filed in the Andrews County District Court, 109th Judicial District. A true and correct copy of Plaintiff's Original Petition ("Plaintiff's Petition") is attached as Exhibit B[1]. Defendants timely answered, denying Plaintiff's allegations in their entirety. A true and correct copy of Defendant's Original Answer and Affirmative Defenses to Plaintiff's Original Petition is attached as Exhibit D. No orders have been signed by the state court judge. A true and correct copy of the Court Docket Sheet is attached as Exhibit E. A list of all counsel of record is attached as Exhibit F.

## II.

This Court has original jurisdiction over Plaintiff's cause of action by virtue of 42 U.S.C. § 1331, which provides that federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## III.

Plaintiff's suit is removable to federal district court because it arises under Employment Retirement Income Security Act of 1974 and amendments thereto ("ERISA"), a law of the United States. *See* 28 U.S.C. § 1331; *Danks v. Stan Corp Fin. Group*, No. A-09-CA-870-LY, 2010 WL 11507139, at *2 (W.D. Tex. Feb. 4, 2010) ("As it is undisputed that this action is governed by ERISA, a federal question is presented and the action could have been filed originally in this Court [,] [t]hus, the subject matter of the action is removable to this court."). Plaintiff's Original Petition expressly alleges a civil action under ERISA. Plaintiff's Petition at ¶ 2. In particular, Plaintiff alleges that he resigned with "Good Reason" as defined under the Plan and was improperly denied benefits. *Id.* at ¶¶ 20, 29, 30. Plaintiff's Original Petition only asserts one claim for relief under 29 U.S.C. § 1132(a)(1)(B). *Id.* at ¶ 33.

---

[1] A true and correct copy of Plaintiff's Request for Citation is attached as Exhibit C.

Courts find that petitions asserting claims under ERISA or asserting claims preempted by ERISA are removable to federal district court. *See Aetna Health Inc. v. Davila*, 124 S. Ct. 2488, (2004) ("We hold that respondents' causes of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fall within the scope of, and are completely pre-empted by, ERISA § 502(a)(1)(B), and thus removable to federal district court."); *Metropolitan Life Ins. Co. v. Taylor*, 107 S. Ct. 1542, 1546 (1987) (holding that a suit by a beneficiary to recover benefits from a covered plan "falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes."); *Arana v. Ochsner Health Plan,* 338 F.3d 433, 440 (5th Cir. 2003).

To the extent Plaintiff argues that removal is not proper because ERISA provides for concurrent jurisdiction, his argument has been fully rejected by district courts within the Fifth Circuit. *See Danks,* 2010 WL 11507139, at *2 (denying plaintiff's motion to remand and noting that the fact that concurrent jurisdiction did not bar removal); *Barrow v. Harris Corp.,* No. CIV.A.SA-04-CA-940-X, 2004 WL 2713276, at *1 (W.D. Tex. Nov. 30, 2004) ("Federal courts within the Fifth Circuit that have addressed a motion to remand on the ground of the state court's concurrent jurisdiction, coupled with the plaintiff's right to choose a forum, **have rejected the concept that concurrent jurisdiction precludes removal of an ERISA case**." (collecting cases) (emphasis added)); *see also Myers v. Blue Cross & Blue Shield of Mississippi,* 368 F. Supp. 3d 1002, 1008 (S.D. Miss. 2019*).* Plaintiff's only asserts a federal cause of action, and his Petition is therefore removable to this Court.

V.

Defendant was served with Plaintiff's Original Petition on April 28, 2022. Therefore, this Notice is timely filed pursuant to 28 U.S.C. §1446.

A true and correct copy of Defendant's Notice of Removal will be filed with the Clerk for the Andrews County District Court, 109th Judicial District. A copy of this Notification of Removal is attached as Exhibit G.

Defendant prays that the action now pending in the Andrews County District Court 109th Judicial District, as described herein, be removed to the United States District Court for the Western District of Texas, Midland/Odessa Division.

Dated: May 20, 2022

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP

Kimberly F. Cheeseman
State Bar No. 24082809
kimberly.cheeseman@nortonrosefulbright.com

Andrew Yeh
State Bar No. 24098645
andrew.yeh@nortonrosefulbright.com

1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246

Respectfully submitted,

/s/ *Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
shauna.clark@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically in accordance with TEX. R. CIV. P. 21a(a)(1) on this the 20th day of May, 2022, to:

Paul Millican
Texas Bar No. 14146700
Gossett, Harrison, Millican & Stipanovic, P.C.
P.O. Drawer 911
San Angelo, Texas 76902
T: (325) 653-3291
F: (325) 655-6838
E-mail: paulm@ghtxlaw.com

                                              */s/ Kimberly Cheeseman*
                                               Kimberly Cheeseman